**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and AMERICAN HOME ASSURANCE COMPANY, | Civil No. 10-4948 (JRT/TNL) |
| Plaintiffs, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| DONALDSON COMPANY, INC. and FEDERAL INSURANCE COMPANY, | |
| Defendants. | |

Cody S. Moon, **NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP**, 71 South Wacker Drive, Suite 4400, Chicago, IL 60606; and Patrick D. Reilly, **ERSTAD & RIEMER, P.A.**, 8009 34th Avenue South, Suite 200, Minneapolis, MN 55425, for plaintiffs.

Matthew B. Kilby and Rikke A. Dierssen-Morice, **FAEGRE BAKER DANIELS LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402; and Margaret S. Brownell, **MASLON LLP**, 90 South Seventh Street, Suite 3300, Minneapolis, MN 55402, for defendant Donaldson Company, Inc.

Lindsay G. Arthur, Jr., **ARTHUR, CHAPMAN, KETTERING, SMETAK & PIKALA, PA**, 81 South Ninth Street, Suite 500, Minneapolis, MN 55402, for defendant Federal Insurance Company.

This action was brought by Plaintiffs National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and American Home Assurance Company ("American Home") against their insured, Defendant Donaldson Company, Inc. ("Donaldson") and Donaldson's excess insurer, Defendant Federal Insurance Company ("Federal"). On

March 23, 2015, the Court granted declaratory judgment and partial summary judgment for Donaldson, finding that there were two lots of Donaldson's products at issue in this litigation and that Donaldson received notice of the underlying property damage involving those products during the 1999-2000 insurance policy period. (Mem. Op. & Order ("March 23 Order") at 32, Mar. 23, 2015, Docket No. 369.) Following a scheduling conference on May 6, 2015, the parties submitted a joint stipulation, allocating portions of the *Burroughs* cross-claim settlement to each party. (Joint Stipulation Under the Court's March 23, 2015 Order ("Allocation Stipulation"), May 18, 2015, Docket No. 376.)

This case is now in the damages phase. The parties continue to dispute the issues of prejudgment interest and attorneys' fees and costs. The only substantial matter remaining in the case is Donaldson's counterclaim against the Plaintiffs for bad faith. The counterclaim does not implicate Federal. At the May 6 scheduling conference, the Plaintiffs requested permission from the Court to file a motion for summary judgment as to Donaldson's counterclaim. The Court granted the Plaintiffs' request. (Order, May 6, 2015, Docket No. 374.) Donaldson then submitted a letter to the Court following the conference, indicating that additional discovery is necessary before the Plaintiffs file any dispositive motions on the counterclaim. (Letter to District Judge, May 13, 2015, Docket No. 375.)

Donaldson also filed a motion to certify for appeal the Court's coverage-related rulings in the March 23, 2015 Order and stay the case pending appeal. (Mot. for 54(b) Certification of the Coverage-Related Rulings in the Court's March 23, 2015 Mem. Op.

& Order & for a Stay Pending Appeal, May 18, 2015, Docket No. 377.) Because there has been no final judgment on any claims in this case, and because the Court concludes that the issues the parties seek to certify are not controlling questions of law, the Court will deny Donaldson's motion for interlocutory appeal certification.

## DISCUSSION

### I. CERTIFICATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b)

Donaldson seeks certification under Federal Rule of Civil Procedure 54(b) of the issues addressed in the Court's March 23, 2015 summary judgment Order. Rule 54(b) provides that the Court "may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Court finds that certification under Rule 54(b) is improper in this case because there is no final judgment as to any claim at this stage. Although the Court determined the number of lots produced by Donaldson in the March 23 Order, judgment has not been entered on any of the Plaintiffs' claims. Further, because the parties have expressed disagreement as to what a partial final judgment would look like in this case and have indicated an interest in additional briefing should the Court enter a final judgment at this time (Pls.' Letter to District Judge at 1, June 24, 2015, Docket No. 384; Donaldson's Letter to District Judge at 3, June 24, 2015, Docket No. 385), the Court will not enter a final judgment until the remaining issues have been resolved. Therefore, certification of the Court's March 23 Order under Rule 54(b) is not appropriate at this time.

## II. CERTIFICATION UNDER 28 U.S.C. § 1292(b)

Federal proposes interlocutory appeal certification as an alternative to Rule 54(b) certification. 28 U.S.C. § 1292(b); *U.S. Fid. & Guar. Co. v. Lord*, 585 F.2d 860, 864 (8th Cir. 1978) (stating that if the district court concluded that an issue required an expedited appellate hearing, it "could have certified [the issue for] appeal under either [Section] 1292(b) or Fed. R. Civ. P. 54(b)"). For the reasons explained below, the Court will not certify the March 23, 2015 Order under 28 U.S.C. § 1292(b). Section 1292(b) creates a narrow exception to the final judgment rule and allows district courts to certify orders for interlocutory appeal if certain criteria are satisfied and the district court determines that certification is appropriate. *See* 28 U.S.C. § 1292(b); *see also TCF Banking and Sav., F.A. v. Arthur Young & Co.*, 697 F. Supp. 362, 366 (D. Minn. 1988). The statute provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). While the statute gives the Court the discretion to certify an order for an immediate interlocutory appeal,[1] "[i]t has . . . long been the policy of the courts to

---

[1] *See, e.g., Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 36 (1995) ("28 U.S.C. § 1292(b) confers on district courts first line discretion to certify for immediate appeal interlocutory orders deemed pivotal and debatable; this provision grants to the court of appeals discretion to review only orders first certified by the district court."); *Exec. Software N. Am., Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 24 F.3d 1545, 1550 (9th Cir. 1994) ("Even if the remand order meets the section 1292(b) criteria, the district court must agree to certify the order (a decision that itself is unreviewable)[.]"), *overruled on other grounds by Cal. Dep't of Water Res.*

(Footnote continued on next page.)

discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). (internal quotation marks omitted). Further, "[t]he legislative history of subsection (b) of section 1292 . . . indicates that it was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation. It was not intended merely to provide review of difficult rulings in hard cases." *Union Cnty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (internal quotation marks omitted).

### A. Controlling Question of Law

The parties appear to agree that three issues should be certified for interlocutory appeal: first, what is the proper definition of the term "lot" as used in the Batch Clause Endorsement of Donaldson's insurance policies with National Union; second, can a determination of the number of lots – and the corresponding dates of notice to Donaldson of property damage as to each lot – be made on the existing summary judgment record by the Court as a matter of law, or must the issue be submitted to the jury for determination; and third, was the Court's exclusion of Federal's expert witness testimony as to the number of lots proper.

_____
(Footnote continued.)

*v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008); *TCF Banking*, 697 F. Supp. at 366; *see also* 19 Moore's Fed. Prac. § 203.32[1] (Matthew Bender 3d ed.) ("Before certifying an interlocutory appeal, the district judge must be persuaded that the statutory criteria have been met. That decision lies within the discretion of the district judge.").

An issue is a "controlling question of law" "if reversal of the district court's order would terminate the action." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 372 (S.D.N.Y. 2008) (internal quotation marks omitted). "A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). First, the Court concludes that reversal of the March 23 Order would not result in the termination of the action. The issues resolved in the March 23 Order relate primarily to allocation of the settlement amounts for the *Otho Arender v. Burroughs Diesel, Inc.* litigation – by determining the number of lots and timing of notice to Donaldson – and the admissibility of testimony by a small number of expert witnesses. Reversal of the Court's rulings would not end the litigation or substantially reshape its future.

More importantly, the issues decided in the March 23, 2015 Order are not purely issues of **law**. Rather, they are mixed questions of law and fact, requiring the application of law to the facts of the case. For the Court to certify an order for an interlocutory appeal, there must be a controlling question of law, not merely a question of fact. *Munn v. Kraft Foods Global, Inc.*, 455 F. Supp. 2d 939, 940-41 (S.D. Iowa 2006). "While it is true that the question of whether or not the Court properly denied summary judgment is one of law, it is essentially a fact-based inquiry, making an interlocutory appeal inappropriate." *Arons v. Lalime*, 3 F. Supp. 2d 328, 330 (W.D.N.Y. 1998); *see also S.E.C. v. First Jersey Sec., Inc.*, 587 F. Supp. 535, 536 (S.D.N.Y. 1984) (finding "an order . . . not appropriate for certification pursuant to 28 U.S.C. § 1292(b)" where "an

appeal would necessarily present a mixed question of law and fact, not a controlling issue of pure law").

In this case, the questions on which the parties seek certification are decidedly fact-based inquiries. Federal seeks review of the Court's denial of Federal's summary judgment motion. Such a review would require the Eighth Circuit to determine where to draw distinctions between "lots" in order to ascertain the total number and timing of "occurrences." To do so, the court would need to apply the Batch Clause Endorsement – along with related definitions in the relevant insurance policy and the Court's March 30, 2012 Order interpreting that policy – to the air-intake duct manufacturing process, product specification documents, and the property damage to forty-eight trucks through engine dusting. This is all fact-driven analysis.

Neither were the Court's rulings on Federal's expert witnesses squarely legal in nature; the Court found that Chris Okey and Dr. Paul Nugent were highly qualified and reviewed extensive data in preparation for their testimony, but the Court ultimately determined that their testimony was unnecessary because they were offering a definition of "lot" – a disputed and critical term in this case – that differed from the definition the Court had already established. As such, the Court concluded that their testimony could potentially confuse the jury by applying a unique definition of an essential term to the facts surrounding the manufacturing process, in order to calculate the number of "lots" involved in the litigation.

All of these issues are mixed questions of law and fact that will require the court of appeals to examine the summary judgment record. The purpose behind § 1292(b)

certification is that "if a case turn[s] on a pure question of law, something the court of appeals could decide quickly and cleanly **without having to study the record**, the court should be enabled to do so without having to wait till the end of the case." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000) (emphasis added). As this District has found in applying *Ahrenholz*:

> Challenging the application of settled law to a specific set of facts is not a question of law. *McFarlin v. Conseco Services, L.L.C.*, 381 F.3d 1251, 1258 (11th Cir. 2004) (citing *Ahrenholz*, 219 F.3d at 676). In *Ahrenholz*, the court stated that "the question of the meaning of a contract [or, more precisely in this case, a term within an insurance policy], though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind either." 219 F.3d at 676.

*Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, No. 09-3037, 2013 WL 4028144, at *4-*5 (D. Minn. Aug. 7, 2013) (quoting *Emp'r Reinsurance Corp. v. Mass Mut. Life Ins. Co.*, No. 06-188, 2010 WL 2540097, at *2 (W.D. Mo. June 16, 2010)). Certification of the issues identified by the parties would not serve the ends for which § 1292(b) was designed.

### B. Whether Certification Will Materially Advance the Ultimate Termination of the Litigation

Further, the Court is not persuaded that certification would materially advance the ultimate termination of this litigation. The parties contend that waiting to appeal until the resolution of Donaldson's counterclaim and the other remaining issues in this case would impose an undue burden on Federal, which is not a party to Donaldson's counterclaim. While the Court agrees that an immediate appeal would likely be more convenient for Federal, the Court must balance the burden certification would impose on many entities,

including the district court and court of appeals. Certification may be appropriate where proceeding with litigation would require a great deal of time and expense that might be saved by staying the proceedings and pursuing an immediate appeal. *Saunders v. Ace Mortg. Funding, Inc.*, No. 05-1437, 2007 WL 2008677, at *3 (D. Minn. July 6, 2007). But the parties have made no showing that this "is an extraordinary case where the decision of an interlocutory appeal might avoid protracted and expensive litigation." *Emerson Elec. Co. v. Yeo*, No. 12-1578, 2013 WL 440578, at *4 (E.D. Mo. Feb. 5, 2013) (internal quotation marks omitted). This is not a case where, for example, "both parties are set to engage in expensive, time-consuming discovery in numerous countries," and where "an interlocutory appeal would promote judicial economy by settling [several] contested questions before – potentially needlessly – occupying the Court's and parties' time and attention." *Id.* This litigation has been ongoing for several years at this point, and all discovery on the Plaintiffs' claims has been completed.

It is certainly true that some additional time and expense will be consumed by Donaldson's remaining counterclaim, but the Court finds that the remaining counterclaim is not dispositive of this issue for two reasons. First, although the litigation of Donaldson's counterclaim will delay Federal's appeal of the issues addressed in the March 23 Order, Federal need not invest financial resources during this phase of the litigation. As such, the burden on Federal is somewhat mitigated. Second, should Donaldson or the Plaintiffs wish to appeal the eventual judgment on Donaldson's counterclaim, the court of appeals would need to review this case multiple times. This is not in the interests of judicial efficiency and economy. Thus, the Court finds that

certification would not materially advance the ultimate termination of the litigation and would risk multiple appeals that could otherwise be consolidated by allowing the sole remaining substantive issue to reach resolution. Accordingly, the Court will not certify the March 23, 2015 Order for interlocutory appeal.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Donaldson's Motion for 54(b) Certification [Docket No. 377] is **DENIED**.

2. Donaldson's request for additional discovery on Donaldson's counterclaim [Docket No. 375] is **GRANTED**.

3. The parties are directed to contact Magistrate Judge Leung for a briefing and discovery schedule relating to Donaldson's counterclaim and remaining prejudgment interest and attorneys' fees issues.

DATED: August 17, 2015　　　　　　　　　　＿＿＿s/ John R. Tunheim＿＿＿
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　United States District Court