## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| NATIONAL UNION FIRE INSTURANCE COMPANY OF PITTSBURG, PA, and AMERICAN HOME ASSURANCE COMPANY, | Civil No.  10-4948 (JRT/TNL) |
| Plaintiffs, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| DONALDSON COMPANY, INC., and FEDERAL INSURANCE COMPANY, | |
| Defendants. | |

Cody S. Moon, **NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP**, 71 South Wacker Drive, Suite 4400, Chicago, IL 60606, for plaintiffs.

Rikke A. Dierssen-Morice, **FAEGRE BAKER DANIELS LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN  55402, and Margaret Brownell, **MASLON LLP**, 90 South Seventh Street, Suite 3300, Minneapolis, MN  55402, for defendant Donaldson Co.

Sarah E. Bushnell, **ARTHUR, CHAPMAN, KETTERING, SMETAK & PIKALA, PA**, 81 South Ninth Street, Suite 500, Minneapolis, MN  55402, for defendant Federal Insurance Company.

Litigation in this insurance dispute has churned along for six years, with complaints, counterclaims, and crossclaims forcing each party to wear the hats of both plaintiff and defendant.  The case is now close to over, but at least several more months of litigation remain; the parties are set to brief dispositive motions on Donaldson

Company, Inc.'s ("Donaldson") counterclaims this fall, and the case is hypothetically headed to trial next spring.

Nonetheless, the parties are anxious to set in stone the victories they have achieved thus far.  Plaintiffs have moved the Court to enter judgment on the counts that have been already decided, so that Donaldson can appeal those matters and Plaintiffs can get paid their damages.  And Donaldson has moved the Court to award it attorney's fees, even though Donaldson's attorneys are presumably currently billing and will continue to bill their time for this case for several months to come, at the least.  The Court finds that granting these motions would deviate from the final judgment rule – a rule memorialized and formalized in the Federal Rules of Civil Procedure – and the parties have presented no sufficient reason justifying such a deviation.  The Court will therefore deny both motions.

## BACKGROUND

This insurance policy declaratory judgment action stems from a separate 15 year-old dispute over alleged manufacturing defects in certain industrial-truck air filters manufactured by Donaldson.  In 2009, Donaldson paid $6 million to settle the manufacturing-defect dispute – the "*Burroughs* litigation."  But Donaldson did not make the settlement payment itself; that burden fell on Donaldson's insurers:  Plaintiff National Insurance Co. of Pittsburgh, PA, Plaintiff American Home Assurance Co. (together "Plaintiffs"), and Defendant Federal Insurance.  These parties then immediately began litigating whether the settlement costs had been properly apportioned among the insurers,

and between the insurers and Donaldson.  This case was filed in 2010.  (Compl., Dec. 21, 2010, Docket No. 1.)

Six years later, much of the case has been decided.  (*See* Mem. Op. and Order at 32, Mar. 23, 2015, Docket No. 369 (granting partial summary judgment).)  Only a few matters remain to be decided:   portions of Donaldson's counterclaim,[1] amounts of prejudgment interest,[2] and attorney's fees.[3]  (*See id.*)

On October 5, 2015, Donaldson filed its motion for attorney's fees.  (Donaldson's Mot. for Att'y Fees and Costs, Oct. 5, 2015, Docket No. 392.)  And on the same day, Plaintiffs filed their motion for entry of judgment.  (Pls.' Mot. for Entry of J., Oct. 5, 2015, Docket No. 397.)  The Court held a hearing on both of those motions on February 22, 2016.  (*See* Min. Entry, Feb. 22, 2016, Docket No. 440.)

Motions for summary judgment on Donaldson's counterclaim are scheduled to be filed by the end of October 2016.  (Am. Scheduling Order ("June 2016 Scheduling Order") at 1, June 24, 2016, Docket No. 444.)  A settlement conference is set for

---

[1] The parties agree that Count III in Donaldson's counterclaim has not been finally decided, but they dispute whether litigation on Count II is over.  (*Compare* Pls.' Mot. for Entry of J. at 1, Oct. 5, 2015, Docket No. 397 (requesting entry of judgment on Donaldson's Count II), *with* Donaldson's Mem. in Opp. to Pls.' Mot. for Entry of J. at 8-9, Nov. 10, 2015, Docket No. 403 (arguing that Count II remains outstanding, in addition to Count III).)  The Court need not settle this dispute now; for the Court's current purposes, it is enough that fewer than all of the parties' claims have been decided.

[2] The parties have not directly addressed whether the outstanding prejudgment interest issues are aspects of Plaintiffs' claims in Counts I and II in Plaintiffs' complaint (Am. Compl. ¶¶ 54, 55, 63, June 28, 2011, Docket No. 45), or something else.  If the prejudgment issues are part of the Count I and Count II claims, then those claims are also not finally decided.

[3] As discussed below, whether either party is entitled to recover attorney's fees for this case is a question to be decided after the entry of final judgment at the end of the case.

November 29, 2016.   (Order for Settlement Conference at 1, Aug. 1, 2016, Docket No. 454.)   The case will be ready for trial in February 2017.   (June 2016 Scheduling Order at 1.)

## ANALYSIS

"The historic rule in the federal courts has always prohibited piecemeal disposal of litigation and permitted appeals only from final judgments except in those special instances covered by statute."   Fed. R. Civ. P. 54 advisory committee's note to 1946 amend. (citing *Hohorst v. Hamburg-American Packet Co.*, 148 U.S. 262 (1893), *Rexford v. Brunswick-Balke-Collender Co.*, 228 U.S. 339 (1913), and *Collins v. Miller*, 252 U.S. 364 (1920)).   The general and almost always-applied rule is that a district court enters judgment only once, at the end of the case when everything – every claim against every party – has been decided.   *See Catlin v. United States*, 324 U.S. 229, 233 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.").   This is the "final judgment rule."   *See Pena-Calleja v. Ring*, 720 F.3d 988, 989 (8th Cir. 2013) (referencing the rule).

The final judgment rule has a number of purposes, the most prominent being efficiency and judicial economy in that the rule is believed to encourage settlement, help bring about the end of the district court litigation, limit appeals and appellate lawmaking, and narrow the issues presented on appeal.   *See* 15A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3907 (2d ed. 2016) ("Finality—Purposes").   Those incentives are heightened in the context of the entry of judgment, because the entry

of judgment is a significant moment.  For example, a party may generally not appeal any of a district court's rulings until after the entry of final judgment, *Pena-Calleja*, 720 F.3d at 989; a court's rulings – such as a finding that damages should be awarded – cannot be enforced without a judgment, *see* Fed. R. Civ. P. 69, 70; and attorney's fees are generally only available once a judgment has been entered, Fed. R. Civ. P. 54(d)(2)(B)(ii).

Federal Rule of Civil Procedure 54(b) provides a limited exception to the final judgment rule, permitting the entry of partial final judgment in certain circumstances; and Rule 54(d) guides the parties' litigation over costs and attorney's fees, generally after the final judgment is entered.  *See* Fed. R. Civ. P. 54 advisory commitee's note to 1946 amend. (discussing the history of the rule and the addition of Rule 54(b)'s exception); *see also id.* advisory committee's note to 1993 amend. (discussing the addition of Rule 54(d)(2)).

In this case, Plaintiffs have requested entry of partial final judgment, but without explaining why Rule 54(b) authorizes as much, and Donaldson has requested an award of attorney's fees, but without adhering to Rule 54(d)'s procedures.

## I.  PLAINTIFFS' MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT

Plaintiffs request that the Court enter judgment on the claims that have already been decided.  Plaintiffs cite Rule 54(b), (c), and Rule 58 as authority supporting their motion.  (Pls.' Mot. for Entry of J. at 1.)

As mentioned above, Rule 54(b) provides a limited exception to the final judgment rule.  Rule 54(b)'s text memorializes the final judgment rule by noting that

entry of final judgment is generally not appropriate following "any order or other decision, however designated, that adjudicates fewer than **all** the claims or the rights and liabilities of fewer than **all** the parties."  Fed. R. Civ. P. 54(b) (emphasis added).  But Rule 54(b) also creates an exception:  the Court may enter partial final judgment on some claims against some parties "only if the court expressly determines that there is **no just reason for delay**."  *Id.* (emphasis added).[4]

Here, Plaintiffs are undeniably not requesting entry of judgment on **all** claims with respect to **all** parties – they have not requested entry of judgment on aspects of Donaldson's counterclaim, for example.  The Court must therefore construe Plaintiffs' motion as one for entry of partial final judgment under Rule 54(b).  But Plaintiffs have presented no valid reason for why the Court could or should "expressly determine[]" that there is "no just reason for delay."  Plaintiffs did not include any reason justifying the piecemeal entry of judgment in their briefing, but did offer one reason at the hearing: entry of partial final judgment is necessary because Donaldson has represented to

---

[4] The full text of the relevant part of the rule states,

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.**  When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Plaintiffs that it will not pay any damages to Plaintiffs until after Donaldson can file an appeal to the Eighth Circuit on some of the already-decided questions, and Donaldson cannot file its appeal without a judgment. If this is indeed Donaldson's position, it makes sense: any damages award is not enforceable until a judgment is entered, and Donaldson likely believes or hopes its eventual damages obligation to Plaintiffs will be discounted by the attorney's fees Donaldson believes it is owed and the damages award Donaldson believes it deserves for its counterclaim. Yet even if Plaintiffs are correct that they will be delayed in recovering damages from Donaldson unless the Court enters partial final judgment now, this purported justification is actually one of the intended effects that the final judgment rule is supposed to bring about: encouraging settlement and helping to bring about the end of district court litigation. This case has been before the Court for six years, and stems from a 15 year-old dispute; if Plaintiffs want the damages they believe they deserve they should work to bring this litigation to a swift conclusion. Allowing piecemeal appeals at this stage would only water down the parties' existing incentives to hastily finish up or settle what remains undecided. The Court therefore finds that Plaintiffs have no basis with which the Court may expressly determine that there is no just reason for delay. Entry of partial final judgment under Rule 54(b) is not appropriate.[5]

---

[5] The Court also notes that Plaintiffs' motion could be denied based on the law of the case. Last year, Donaldson filed its own request for entry of partial final judgment on "the issues addressed in the Court's March 23, 2015 summary judgment Order." (Mem. Op. and Order at 3, Aug. 17, 2015, Docket No. 387.) The Court denied that request in a written order issued in August 2015, finding that entry of partial final judgment was not appropriate under Rule 54(b).

(Footnote continued on next page.)

Plaintiffs' alternative bases for entry of judgment are untenable as well. Rule 54(c) addresses the scope of the appropriate relief for a judgment, and has nothing to do with the party's present motion. Fed. R. Civ. P. 54(c). Rule 58 specifies the mechanics of how and when the Court enters judgment; it does not justify the entry of partial final judgment. Fed. R. Civ. P. 58.

Plaintiffs' motion for entry of judgment will therefore be denied.

## II.     DONALDSON'S MOTION FOR ATTORNEY'S FEES

Donaldson has requested an award of attorney's fees it believes it is owed its insurance policies.

Federal Rule of Civil Procedure 54(d)(2) "establishes a procedure for asserting a right to [attorney's fees]," but "does not provide a rule of decision." *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280-81 (9th Cir. 1999) (quoting *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1224 (3d Cir. 1995)). The relevant part of the Rule provides,

> (B) *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, [a party's motion for attorney's fees] must:
>
> (i) be filed no later than 14 days after the entry of judgment;
>
> (ii) **specify the judgment** and the statute, rule, or other grounds entitling the movant to the award;

---

(Footnote continued.)

(*Id.*) The Court stated in unequivocal terms, "[T]he Court will not enter a final judgment until the remaining issues have been resolved." (*Id.*) The issues that were unresolved then – portions of Donaldson's counterclaim and prejudgment interest – remain unresolved today, and partial final judgment remains inappropriate.

(iii) state the amount sought or provide a fair estimate of it; and

(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(B) (emphasis added).

Here, the Count understands the parties to dispute only subsection (ii). Donaldson argues that the "statute, rule, or other grounds" that entitles Donaldson to attorney's fees is contract law. And Donaldson is correct that contract law is a form of substantive law that can provide a rule of decision for an award of attorney's fees. *See Atl. Mut. Ins. Co. v. Judd Co.*, 380 N.W.2d 122, 126 (Minn. 1986) ("In the absence of contractual or statutory authorization, attorney fees are generally not allowed."); *Horodenski v. Lyndale Green Townhome Ass'n, Inc.,* 804 N.W.2d 366, 371 (Minn. Ct. App. 2011) ("Attorney fees are recoverable if specifically authorized by contract or statute."). Donaldson argues that the contracts that authorize the award of attorney's fees here are the insurance policies that Donaldson obtained from Plaintiffs, each of which state that the insurer "will pay, with respect to any claim we investigate or settle, or any 'suit' against an insured we defend[,] . . . [a]ll All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or 'suit.'" (Compl., Ex. D at 12, Ex. E at 10.)[6]

The problem, however, is that Donaldson's motion is not ripe because Donaldson filed the motion before the entry of final judgment. Rule 54(d)(2)(B)(ii) explicitly

---

[6] Plaintiffs dispute Donaldson's interpretation of the contractual terms, but the Court need not address that disagreement now because Donaldson's motion is not ripe.

requires that a party requesting an award of attorney's fees "specify" not only the "statute, rule, or other grounds" authorizing the award, but also "the judgment." Donaldson has not specified the judgment – because judgment has not yet been entered.

In 2004, an Eighth Circuit panel addressed this precise issue in *Wiley v. Mitchell*, a highly persuasive unpublished decision. 106 F. App'x 517, 522-23 (8th Cir. 2004) (per curiam). In *Wiley*, two men entered into a settlement agreement after a property dispute over 600 acres of land near Branson, Missouri. *Id.* at 520. One provision of the settlement agreement stated that in any future dispute arising out of the settlement agreement, the prevailing party would be entitled to attorney's fees. *Id.* at 523. A subsequent dispute arose, and the case made its way to the Eighth Circuit. *Id.* at 521. The question before the court of appeals was whether attorney's fees were an element of the breach-of-contract claim and therefore should be proved at trial (or decided on summary judgment), instead of under the procedures described in Rule 54(d), because the fees were a part of the contract allegedly in breach. *Id.* at 522-23. The court concluded that Rule 54(d) was still the proper procedure because attorney's fees were to be awarded to the prevailing party, and because the prevailing party may only be identified when the case is over, the "award of attorneys' fees [is] an issue to be decided at the conclusion of the action." *Id.* at 523; *see also Rissman v. Rissman*, 229 F.3d 586, 588 (7th Cir. 2000) (concluding the same and stating "[f]ees for work done during the case should be sought after decision, when the prevailing party has been identified and it is possible to quantify the award"); *Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1071-72 (8th Cir. 2000)

(upholding the award of attorney's fees, authorized by a contract, via the Rule 54(d) process after entry of judgment).

Thus, it is only when attorney's fees are an element of the claim at issue that Rule 54(d)'s terms need not be honored.  For example, if a law firm were to bill a client for fees incurred for the law firm's work on one of the client's transactions, and then the client failed to pay and the law firm sued the client for breach of contract, then the attorney's fees would be part of the damages, and an element of the claim; the fees would not be sought as prevailing-party fees for the litigation itself.  *See* Fed. R. Civ. P. 54(d)(2)(a) (recognizing that where attorney's fees are an "element of damages" those fees are "to be proved at trial"); *see also id.* advisory committee's note to 1993 amend. (discussing the same); *Wiley*, 106 F. App'x at 523 (same).

Here, this case is like *Wiley*.  As in *Wiley*, the fees at issue were not incurred as part of some other matter; the fees Donaldson seeks recovery for are the fees Donaldson incurred litigating this case.  (*See* Donaldson's Mem. in Supp. of Mot. for Att'y Fees and Costs at 9, 12-13, Oct. 5, 2015, Docket No. 394 (seeking attorney's fees incurred during "this Litigation," "the instant declaratory judgment action").)  Therefore those fees must be determined after this case is over and after the entry of final judgment, not part of the way through.  The Court also notes how odd it would be to award attorney's fees now when the parties are set to begin a new round of dispositive motion briefing on the remaining claims, and the case is headed for trial.  Donaldson's attorneys will undoubtedly be billing time on those matters, and would presumably like to recover those amounts too.

The Court will thus deny Donaldson's motion because it is not ripe, but will grant Donaldson leave to re-file after the entry of final judgment, in accordance with Rule 54(d).[7]

## ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Donaldson's Motion for Attorney Fees and Costs [Docket No. 392] is **DENIED**.  Donaldson is granted leave to file a motion for attorney's fees again under Rule 54(d)(2) when such a motion is ripe.

2.     Plaintiffs' Motion for Entry of Judgment [Docket No. 397] is **DENIED**.


DATED:   August 8, 2016                         _s/ John M. Tunheim_____
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                               Chief Judge
                                                    United States District Court

---

[7] At the hearing, Donaldson represented that it had filed its motion for attorney's fees prior to entry of judgment because the Magistrate Judge's October 6, 2015, order required that attorney's fees motions be filed by October 13, 2015.  (*See* Am. Scheduling Order ("Oct. 2015 Scheduling Order"), Oct. 6, 2016, Docket No. 401.)  But that scheduling order does not justify or excuse or solve Donaldson's ripeness problem for two reasons.  First, the Magistrate Judge's scheduling order included the deadline for attorney's fees motions because the parties stipulated to that schedule, not because the Magistrate Judge found it would constitute the proper time for such a motion.  (*See* Stipulation Jointly Signed by All Parties, Sept. 25, 2015, Docket No. 391 (stipulating to the timing for attorney's fees motions).)  Additionally, the Court notes that Donaldson actually filed its motion for attorney's fees **before** the Magistrate Judge entered his scheduling order.  (*Compare* Donaldson's Mot. for Attorney Fees at 1 (filed Oct. 5, 2015), *with* Oct. 2015 Scheduling Order at 3 (signed Oct. 6, 2015).)  The October 2015 Scheduling Order therefore does not alter the Court's finding that Donaldson's motion for attorney's fees is not ripe.