# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and AMERICAN HOME ASSURANCE COMPANY, | Civil No. 10-4948 (JRT/TNL) |
| Plaintiffs, | **MEMORANDUM OPINION AND ORDER DENYING MOTION TO AMEND JUDGMENT TO ADD ATTORNEY FEES AND EXPENSES** |
| v. | |
| DONALDSON COMPANY, INC., and FEDERAL INSURANCE COMPANY, | |
| Defendants. | |

Cody S. Moon, Kelly L. Stoltz, and Matthew J. Fink, **NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP**, 71 South Wacker Drive, Suite 4400, Chicago, IL 60606, and Patrick D. Reilly, **ERSTAD & RIEMER**, PA, 8009 Thirty-Fourth Avenue South, Suite 200, Minneapolis, MN 55425, for plaintiffs.

David J.F. Gross, Matthew B. Kilby, and Rikke A. Dierssen-Morice, **FAEGRE BAKER DANIELS LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, and Gary J. Haugen, Leora Itman, and Margaret S. Brownell, **MASLON LLP**, 90 South Seventh Street, Suite 3300, Minneapolis, MN 55402, for defendant Donaldson Company, Inc.

This case involves a 7-year-old insurance dispute stemming from a 17-year-old product liability action in which Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), Plaintiff American Home Assurance Company ("American Home") (collectively, "Plaintiffs"), and Defendant Federal Insurance Company ("Federal") paid a $6 million settlement on behalf of Defendant Donaldson

Company, Inc. ("Donaldson") in the underlying product-liability action.  After the settlement, Plaintiffs brought this action against Donaldson to recuperate deductibles that Donaldson refused to pay.  National was awarded one of the deductibles that it sought, and American recovered nothing.  Donaldson now brings a Motion to Alter/Amend/Correct Judgment under Federal Rules of Civil Procedure 52(b) and 54(d)(2) to add attorney fees and expenses in the amount of $1,531,562.98.  Donaldson argues that it is entitled to such fees and expenses under a "Supplementary Payments" provision contained in its policies with Plaintiffs.

Because the insurance policy's plain language does not provide for attorney fees in the present action and because Minnesota law does not provide for an exception in this case, the Court will deny Donaldson's motion.

## BACKGROUND

## I.   FACTUAL BACKGROUND

### A.     The Underlying Litigation

The factual background of the underlying claim and state court litigation was thoroughly recounted in the Court's most recent order.  *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Donaldson Co.*, No. 10-4948, 2017 WL 6210915 (D. Minn. Dec. 6, 2017).  In sum, Plaintiffs and Federal each contributed toward the *Burroughs* Settlement, a settlement of a cross-claim against Donaldson in a product liability action in state court.  *Id.* at *1-2.  After the settlement, and after Donaldson refused to pay additional deductibles requested by Plaintiffs, Plaintiffs brought this declaratory judgment action.

*Id.* at \*2.  National Union prevailed against Donaldson, and the Court awarded National

Union one $500,000 unpaid deductible.  *Id.* at \*7.  Final judgment was entered on

December 7, 2017, and included the following relevant findings:

> 1. The damages paid for in the Burroughs settlement were caused by two occurrences.
> 2. Two $500,000 per-occurrence deductibles apply to the Burroughs settlement.  Because Donaldson previously paid one $500,000 per-occurrence deductible, Donaldson shall reimburse National Union an additional $500,000 per-occurrence deductible.
> 3. The Burroughs settlement is allocable to the 1999-2000 National Union Policy.

(J., Dec. 7, 2017, Docket No. 497.)

## B.      The "Supplementary Payments" Provisions

The policies under which Plaintiffs brought this action against Donaldson and the

policy to which the settlement was allocated contain a "Supplementary Payments"

provision.  Donaldson cites two versions of the provision, each of which has slightly

different language.  The first provision comes from the 1996-1997 policy issued by

National Union and reads as follows:

> We will pay, with respect to any claim or "suit" we defend:
> . . .
> All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit" . . . .

(Compl. ¶ 7, Ex. A at 11, Dec. 21, 2010, Docket No. 1.)

The second provision appears in each subsequent policy through 2002 and states:

> We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:
> . . .

> All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit". . . .

(*E.g.*, Compl. ¶ 8, Ex. B at 10; *see also id.* ¶¶ 9-11, Exs. C-E; Answer ¶ 67, Ex. 1, Feb. 10, 2011, Docket No. 8.)

## II.    PROCEDURAL BACKGROUND

The Court entered judgment in this action on December 7, 2017.  (J.)  Donaldson filed the present motion on December 21, 2017.  (Def.'s Mot. to Alter/Amend/Correct J., Dec. 21, 2017, Docket No. 498.)   National Union responded on January 31, 2018, opposing the motion.  (Pls.' Opp'n Mem., Jan. 31, 2018, Docket No. 531.)  Donaldson filed a reply on February 28, 2018.  (Def.'s Reply Mem., Feb. 28, 2018, Docket No. 544.)

## DISCUSSION

## I.    RULES 52(B) AND 54(D)(2)

Under Federal Rule of Civil Procedure 52(b), a court may, upon motion of a party, "amend its findings – or make additional findings – and may amend the judgment accordingly."  A claim for attorney fees and expenses "must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2).  Such a motion must be filed "no later than 14 days after the entry of judgment."  Fed. R. Civ. P. 54(d)(2)(B)(i).  The Court has previously granted a motion filed under Rule 52(b) seeking attorney fees and expenses under Rule 54(d)(2) and has amended its judgment accordingly.  *See Flint Hills Res. LP v. Lovegreen Turbine Servs., Inc.*, No. 04-4699, 2008 WL 4527816, at *12-13 (D. Minn. Sept. 29, 2008)

(granting in part plaintiff's motion to amend judgment filed pursuant to Rule 52(b) and amending the judgment to include attorney fees);[1] *cf. Diocese of Winona v. Interstate Fire & Cas. Co.*, 89 F.3d 1386, 1397 (8ᵗʰ Cir. 1996) (Rule 52(b) motion was improper vehicle to request attorney fees related to underlying state court litigation).

## II.   ATTORNEY FEES

Under Minnesota law, "[t]he general rule is that attorneys' fees and costs are awarded only when authorized by statute or provided for in the contract." *Chi. Title Ins. Co. v. FDIC.*, 172 F.3d 601, 604-05 (8ᵗʰ Cir. 1999).  Here, the parties do not argue that attorney fees are authorized by statute; thus, the Court must determine whether attorney fees are provided for in the contract.

### A.   Interpreting the "Supplementary Payments" Provisions

"General principles of contract interpretation apply to insurance policies." *Lobeck v. State Farm Mut. Auto. Ins. Co.*, 582 N.W.2d 246, 249 (Minn. 1998).  When the language of the policy "is clear and unambiguous," *id.*, it "must be given its usual and accepted meaning," *id.* (quoting *Bobich v. Oja*, 104 N.W.2d 19, 24 (Minn. 1960)).  Any ambiguities should be "resolved against the insurer and in accordance with the reasonable expectations of the insured." *Caledonia Cmty. Hosp. v. St. Paul Fire & Marine Ins. Co.*, 239 N.W.2d 768, 770 (Minn. 1976).

The language of the "Supplementary Payments" provisions at issue is unambiguous.  The 1996-1997 policy's provision states that National Union will pay

---

[1] The motion referred to in the Court's Order can be found in Civil Case No. 04-4699, at Docket No. 271.  Its accompanying memorandum is Docket No. 272.

"with respect to any claim or 'suit' [National Union] defend[s]: . . . [a]ll reasonable expenses incurred by [Donaldson] at [National Union's] request." (Compl. ¶ 7, Ex. A at 11.) The policy defines "suit" as a "civil proceeding in which damages because of 'bodily injury,' 'property damage,' 'personal injury' or 'advertising injury' to which this insurance applies are alleged." (*Id.* at 18.) This provision unambiguously refers to claims or suits that National Union "defends." The present action is not a claim or suit that National Union defended; it is a declaratory action **brought by** National Union against Donaldson. Thus the language of the 1996-1997 provision does not allow Donaldson to recuperate attorney fees in this action.

The language of the subsequent policies is likewise unambiguous. The subsequent policies' provisions state that National Union "will pay, with respect to any claim [National Union] investigate[s] or settle[s], or any 'suit' against an insured [National Union] defend[s]: . . . [a]ll reasonable expenses incurred by the insured at [National Union's] request to assist us in the investigation or defense of the claim or 'suit.'" (*E.g.*, Compl. ¶ 8, Ex. B at 10.) The subsequent policies define "suit" in the same way as the 1996-1997 policy. (*E.g.*, *id.* at 16.) The plain language of these provisions makes clear that National Union will pay reasonable expenses when it is investigating or settling an insurance claim or when it is defending Donaldson in an action covered by the insurance policy. But National Union is not engaged in defending, investigating, or settling any underlying claim or suit. The underlying claim to which this provision refers has already been investigated, defended, and settled.

In *Diocese of Winona*, the Eighth Circuit interpreted a similar provision, which required the insurer to pay "expenses for . . . lawyers . . ., and for litigation, settlement, adjustment and investigation of claims and suits which are paid as a consequence of any occurrence covered hereunder."  89 F.3d at 1398 (omissions in original).  The Eighth Circuit found that the language of the policy "clearly intend[ed] coverage for attorneys' fees arising out of the underlying state court litigation" but that there was "no corresponding intention expressed concerning fees arising out of a subsequent suit seeking indemnification."  *Id.*  Likewise here, the policy lacks an express intention concerning fees arising out of a subsequent suit seeking determination of deductibles, which more closely resembles a claim for indemnification than for a duty to defend.

Even if there were a colorable argument that the policy language is ambiguous, it would be unreasonable to apply this provision to litigation falling outside the duty to defend.  Such an interpretation would not be in accordance with the reasonable expectations of the insured.  *See Caledonia Cmty. Hosp.*, 239 N.W.2d at 770.  Plaintiffs' duty with regard to the underlying claims that trigger the "Supplementary Payments" provision has ended.  In Minnesota, an insurer's duty to defend ends when it is "concluded as a **matter of law** that there is no basis on which the insurer may be obligated to indemnify the insured."  *Meadowbrook, Inc. v. Tower Ins. Co.*, 559 N.W.2d 411, 416 (Minn. 1997).  When an insurer settles a claim, that claim is concluded as a matter of law because there are no further rights to appeal the settled claim.  *See id.* at 417, 420.  Here, the *Burroughs* Settlement terminated Plaintiffs' duty to defend Donaldson.  Therefore, any subsequent litigation, including this declaratory judgment

action to determine deductibles, falls outside Plaintiffs' duty to defend Donaldson.  It is unreasonable for Donaldson to expect reimbursement of attorney fees and expenses for matters outside the duty to defend.

The policy language of the "Supplementary Payments" provisions is not ambiguous, and the plain meaning of the policy language does not allow Donaldson to recover attorney fees and expenses.

### B.    *Luthi*'s Application

Ordinarily, the Court's application of the policy's plain language would end the matter.  But Donaldson argues that the Minnesota Supreme Court's decision in *Security Mutual Casualty Co. v. Luthi*, 226 N.W.2d 878 (Minn. 1975), controls and requires granting its motion.  Donaldson is mistaken.  In *Luthi*, the Minnesota Supreme Court held that an insured could recover attorney fees incurred in defending a declaratory judgment action that the insurer brought to establish no duty to defend under the policy.[2]  *Id.* at 171.  The court explained the policy reasons behind this outcome:

> [T]he insurer had contracted to defend that insured, and it failed to do so.  It guessed wrong as to its duty, and should be compelled to bear the consequences thereof. . . . If the insurer can force [the insured] into a declaratory judgment proceeding and, even though it loses in such action, compel [the insured] to bear the expense of such litigation, the

---

[2] The policy language interpreted in *Luthi* was much broader than the language at issue in Donaldson's policies.  But, the Minnesota Supreme Court has applied *Luthi* in a case with language similar to the language at issue in the present action.  *Atl. Mut. Ins. Co. v. Judd Co.*, 380 N.W. 2d 122, 126 (Minn. 1986).  Nevertheless, the plain language of the policy is enough to bar *Luthi*'s application here, because *Luthi*'s application turns on the type of declaratory judgment action brought by the insurer.  Viewed together, *Luthi* and *Judd* suggest that litigating the duty to defend is seen as part of the insurer's defense of the underlying claim.  Here, Plaintiffs defended Donaldson in the underlying suit.

> insured is actually no better off financially than if he had
> never had the contract right mentioned above.

*Id.* (quoting 7A Appleman, Insurance Law & Practice § 4691, p. 512).

*Luthi* does not apply to the present action because its holding is limited to declaratory judgment actions regarding the duty to defend. Donaldson has not cited a single case in which a Minnesota court allowed a party to recover attorney fees in other declaratory judgment actions. In fact, the Eighth Circuit declined to allow an insured to recover attorney fees under a policy provision similar to the provision at issue in this case when the expenses were incurred in a declaratory judgment action regarding duty to indemnify. *Diocese of Winona*, 89 F.3d at 1398.[3] The Eighth Circuit noted that, because the insured sought to assert a right to indemnification, rather than a right to defend, its declaratory judgment action was "not a consequence of the occurrence against which the [insured party] insured." *Id.* Essentially, the Eighth Circuit found that a declaratory judgment action for indemnification was not covered under Minnesota law by the policy language at issue. "The Minnesota Supreme Court's encouragement of declaratory judgment actions extends only to those circumstances where there is a claim of a duty to defend." *Id.* Here, Plaintiffs' declaratory judgment action related to payment of deductibles, not the duty to defend. As such, it is not covered by *Luthi*.[4]

---

[3] *Cf. XL Specialty Ins. Co. v. Miller*, No. 03-1128, 2004 WL 1701039 (D. Minn. July 28, 2004) (applying *Luthi* to grant attorney fees incurred by insured in defending a declaratory judgment action regarding duty to defend brought by the insurer).

[4] Moreover, it is unclear whether Donaldson is a "prevailing party," given that judgment was entered against Donaldson. A prevailing party is one "in whose favor a judgment is
*(footnote continued on next page)*

Furthermore, the policy factors that supported *Luthi* are not present in this declaratory judgment action.  "The *Luthi* court found that a contrary result would have unnecessarily burdened the insured, who otherwise would have had to incur costs to enforce the coverage for which he or she had already contracted."  *Johnson ex rel. S'holders of Kelly's Pizza, Inc. v. Schrunk*, No. C7-94-2614, 1995 WL 497428, at *5 (Minn. Ct. App. Aug. 22, 1995).  This is not a case in which Donaldson is bearing the cost of enforcing coverage for which it already contracted.   Plaintiffs defended Donaldson in the underlying litigation, thus Donaldson received that for which it contracted.  It is not entitled to recover attorney fees incurred in litigating a subsequent dispute over deductibles – a dispute that is not covered by its policy.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Donaldson Company, Inc.'s Motion to Alter/Amend/Correct Judgment under Federal Rules of Civil Procedure 52(b) and 54(d)(2) to add attorney fees and expenses [Docket No. 498] is **DENIED**.

DATED:  May 16, 2018
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court

rendered, regardless of the amount of damages awarded."  *Party*, Black's Law Dictionary (10th ed. 2014).